UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

BRISCO DE'QUONTERRIO SUTTON,

        Plaintiff,

v.

UNKNOWN CONNER et al.,

        Defendants.
_____/

Case No. 1:22-cv-961

Honorable Sally J. Berens

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. (ECF No. 4.) Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 1, PageID.4.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is

fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Stutsman and Unknown Parties #1 and #2. The Court will also dismiss, for failure to state a claim, Plaintiff's official capacity claims against Defendant Conner. Plaintiff's individual capacity Eighth Amendment claim against Defendant Conner for denial of medical care remains in the case.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. The events about which

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. Feb. 10, 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

he complains, however, occurred at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. Plaintiff sues Corrections Officers Unknown Conner and Unknown Stutsman, as well as Nurses Unknown Party #1 and Unknown Party #2. Plaintiff indicates that he is suing Defendants in both their official and individual capacities. (ECF No. 1, PageID.2.)

Plaintiff alleges that on May 31, 2022, he was involved in a fight and was stabbed three times. (*Id.*, PageID.3.) Plaintiff received stiches in his neck but "had 2 holes still in [his] head." (*Id.*) He showed the holes and blood to Defendant Conner, who told Plaintiff that he would not call the nurse. (*Id.*) Plaintiff indicates that it took three days for him to receive further medical attention. (*Id.*) Defendant Unknown Party #1 told Plaintiff that she could not see "[through his] bushy hair." (*Id.*) Plaintiff asked for a grievance, and Defendant Unknown Party #1 said she would get another nurse. (*Id.*) Defendant Unknown Party #2 told Plaintiff that he saw the holes and that he would give him some Ibuprofen. (*Id.*) Plaintiff alleges further that when Defendant Stutsman was taking him to the "hole," he told Plaintiff that "they knew that was [going to] happen[]." (*Id.*)

Based on the foregoing, Plaintiff asserts violations of his Eighth Amendment rights. He seeks $1 million in damages. (*Id.*, PageID.4.)

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under Section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). As noted above, Plaintiff asserts violations of his Eighth Amendment rights.

### A.     Official Capacity Claims

Plaintiff indicates that he is suing Defendants in both their official and individual capacities. (ECF No. 1, PageID.2.) He only seeks damages in this action. (*Id.*, PageID.4.)

Although an action against a defendant in his or her individual capacity intends to impose liability on the specified individual, an action against the same defendant in his or her official capacity intends to impose liability only on the entity that they represent. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). A suit against an individual in his official capacity is equivalent to a suit brought against the governmental

5

entity: in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

The states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from a Section 1983 suit under the Eleventh Amendment. *See, e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010). Moreover, official capacity defendants are absolutely immune from monetary damages. *See Will*, 491 U.S. at 71; *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998). Plaintiff, therefore, cannot maintain his official capacity claims for damages against Defendants, and those claims will be dismissed.

       **B.**     **Individual Capacity Claims**

           **1.**     **Deliberate Indifference to Medical Needs**

Plaintiff suggests that Defendant Conner violated his Eighth Amendment rights by refusing to call a nurse to examine Plaintiff's head wounds and that Defendants Unknown Parties #1 and #2 violated his Eighth Amendment rights by not providing adequate care for his wounds.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison

authorities to provide medical care to incarcerated individuals, as a failure to provide care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104–05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

Deliberate indifference may be manifested by a doctor's failure to respond to the medical needs of a prisoner, or by "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Estelle*, 429 U.S. at 104–05.

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004); *see also Phillips v. Roane Cnty.*, 534 F.3d 531, 539–40 (6th Cir. 2008). Obviousness, however, is not strictly limited to what is detectable to the eye. Even if the layman cannot see the medical need, a condition may be obviously medically serious where a layman, if informed of the true medical situation, would deem the need for medical attention clear. *See, e.g.*, *Rouster v. Saginaw Cnty.*, 749 F.3d 437, 446–51 (6th Cir. 2014) (holding that a prisoner who died from a perforated duodenum exhibited an "objectively serious need for medical treatment," even though his symptoms appeared to the medical staff at the time to be

7

consistent with alcohol withdrawal); *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (holding that prisoner's severed tendon was a "quite obvious" medical need, since "any lay person would realize to be serious," even though the condition was not visually obvious). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer,* 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. To prove a defendant's subjective knowledge, "[a] plaintiff may rely on circumstantial evidence . . . : A jury is entitled to 'conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018) (quoting *Farmer*, 511 U.S. at 842).

However, not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical

8

> mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105–06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017); *Briggs v. Westcomb*, 801 F. App'x 956, 959 (6th Cir. 2020); *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2014). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). If "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Rouster*, 749 F.3d at 448; *Perez v. Oakland Cnty.*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440–41 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998). "Where the claimant received treatment for his condition, as here, he must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell*, 553 F. App'x at 604 (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)). He must demonstrate that the care he received was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *See Miller v.*

9

*Calhoun Cnty.*, 408 F.3d 803, 819 (6th Cir. 2005) (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989)).

          a.     **Defendant Conner**

Plaintiff contends that, after he was stabbed, he received stitches in his neck but still had two holes in his head. (ECF No. 1, PageID.3.) Plaintiff showed the holes and blood to Defendant Conner, but Defendant Conner told Plaintiff that he would not call a nurse. (*Id.*)

With respect to non-medically trained prison staff members, such as Defendant Connor, non-medically trained prison staff members are not deliberately indifferent when they defer to a "medical recommendation that he reasonably believes to be appropriate, even if in retrospect that recommendation was inappropriate." *McGaw v. Sevier Cnty.*, 715 F. App'x 495, 498 (6th Cir. 2017); *see also Winkler v. Madison Cnty.*, 893 F.3d 877, 895 (6th Cir. 2018); *Stojcevski v. Macomb Cnty.*, 827 F. App'x 515, 522 (6th Cir. 2020) ("[A]n officer who seeks out the opinion of a doctor is generally entitled to rely on a reasonably specific medical opinion for a reasonable period of time after it is issued, absent circumstances such as the onset of new and alarming symptoms." (quoting *Barberick v. Hilmer*, 727 F. App'x 160, 163–64 (6th Cir. 2018) (per curiam))).

However, in the present action, Plaintiff does not contend that Defendant Connor relied on medical personnel's recommendations when he prevented Plaintiff from receiving medical care. Instead, Plaintiff suggests that despite showing the holes in his head and blood to Defendant Connor, it took three days for Plaintiff to receive medical care after Defendant Conner's refusal to call for care. (ECF No. 1, PageID.3.) While Plaintiff has by no means proven deliberate indifference, taking Plaintiff's allegations as true and in the light most favorable to him, the Court concludes that Plaintiff's Eighth Amendment claim against Defendant Conner may not be dismissed on initial review.

### b. Defendants Unknown Parties #1 and #2

Plaintiff alleges that when he did receive medical treatment, Defendant Unknown Party #1 said that she could not see the stab wounds through Plaintiff's "bushy hair." (ECF No. 1, PageID.3.) She had another nurse, Defendant Unknown Party #2, examine Plaintiff, and Defendant Unknown Party #2 told Plaintiff that he could see the holes and that he would provide Ibuprofen. (*Id.*)

Plaintiff's complaint is devoid of facts from which the Court could infer that Defendants Unknown Parties #1 and #2 were deliberately indifferent to his medical needs. When Defendant Unknown Party #1 was unable to see the stab wounds, she asked Defendant Unknown Party #2 for assistance. Defendant Unknown Party #2 stated that he would give Plaintiff Ibuprofen. Presumably, Plaintiff believes he should have received more treatment than Ibuprofen.

As discussed above, Plaintiff alleges that he did not receive medical treatment for the wounds until three days after the fight. (*Id.*) By that time, when Defendants Unknown Parties #1 and #2 examined Plaintiff, the wounds were presumably not bleeding anymore and had started to heal. Based on Defendant Unknown Party #2's examination of Plaintiff's wounds, he prescribed Ibuprofen. Based on the allegations in the complaint, Plaintiff simply disagrees with the treatment decided upon by Defendants Unknown Parties #1 and #2; however, "a patient's disagreement with his physicians [or other medical providers] over the proper course of treatment alleges, at most, a medical-malpractice claim, which is not cognizable under § 1983." *Darrah*, 865 F.3d at 372 (citations omitted); *Mitchell*, 553 F. App'x at 605 ("[A] desire for additional or different treatment does not suffice by itself to support an Eighth Amendment claim." (citations omitted)). Moreover, Plaintiff's complaint is devoid of facts suggesting that he continued to suffer or experience pain after he was examined by Defendants Unknown Parties #1 and #2. Plaintiff has failed to plausibly suggest that these individuals were deliberately indifferent to his medical needs. The Court,

therefore, will dismiss Plaintiff's Eighth Amendment claims against Defendants Unknown Parties #1 and #2.

### 2. Failure to Protect

As noted above, Plaintiff alleges in a conclusory manner that when Defendant Stutsman was taking him to the "hole," he told Plaintiff that "they knew that was [going to] happen." (ECF No. 1, PageID.3.) Plaintiff provides no further explanation regarding this assertion. Presumably, Plaintiff refers to staff's knowledge that the fight and assault by the other inmate would happen. The Court has liberally construed Plaintiff's complaint to assert an Eighth Amendment failure to protect claim against Defendant Stutsman.

In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, directing that they may not use excessive physical force against prisoners and must also "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, a plaintiff must show that the prison official acted with "deliberate indifference" to a substantial risk of serious harm facing the plaintiff. *Farmer*, 511 U.S. at 834; *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Bishop v. Hackel*, 636 F.3d 757, 766–67 (6th Cir. 2011); *Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 79 (6th Cir. 1995). Deliberate indifference is a higher standard than negligence and requires that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *see also Bishop*, 636 F.3d at 766–67.

Plaintiff's scant allegations do not permit the Court to infer that Defendant Stutsman—or any other individual—was aware that Plaintiff faced a substantial risk of assault and harm by the other inmate. Plaintiff merely avers that "they" knew it was going to happen. This is not enough to impose liability against Defendant Stutsman. In *Boxill v. O'Grady*, the Sixth Circuit held that "[s]ummary reference to a single, five-headed 'Defendants' does not support a reasonable inference that each Defendant is liable for" failing to protect Plaintiff. 935 F.3d 510, 518 (6th Cir. 2019) (citing *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011) ("This Court has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)))). Plaintiff's failure to protect claim falls far short of the minimal pleading standards set forth in Rule 8 of the Federal Rules of Civil Procedure, requiring "a short and plain statement of the claim showing that the pleader is entitled to relief." Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under Section 1983. *See Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555. Plaintiff's Eighth Amendment failure to protect claim against Defendant Stutsman will, therefore, be dismissed.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Stutsman and Unknown Parties #1 and #2 will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim, Plaintiff's official capacity claims against

Defendant Conner. Plaintiff's individual capacity Eighth Amendment claim against Defendant Conner for denial of medical care remains in the case.

An order consistent with this opinion will be entered.

Dated:    November 14, 2022                                /s/ Sally J. Berens
                                                                                              SALLY J. BERENS
                                                                                              U.S. Magistrate Judge