UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRISCO SUTTON #427894,

       Plaintiff,                                  Hon. Paul L. Maloney

v.                                                    Case No. 1:22-cv-961

COLTEN CONNER, et al.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before me on remaining Defendant Colten Conner's Motion for Summary Judgment on the Basis of Exhaustion. (ECF No. 18.) Plaintiff has failed to respond to Defendant's motion within the time permitted by Western District of Michigan Local Civil Rule 7.2(c).[1] Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that Defendant's motion be **DENIED**.

**I. Background**

Plaintiff, a prisoner currently incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility, filed a complaint against several Defendants on October 14, 2022, alleging claims pursuant to 42 U.S.C. § 1983 based on events that occurred at the Bellamy Creek Correctional Facility (IBC) on May 31, 2022. Following initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and1915A and 42 U.S.C. § 1997e(c), all of Plaintiff's claims, except

---

[1] Although Plaintiff is proceeding pro se, he is still expected to comply with the applicable court rules. *See Strohmeyer v. Chase Bank USA, N.A.*, No. 3:17-cv-443, 2018 WL 2669991, at *2 (E.D. Tenn. June 4, 2018) ("It is correct that pro se parties are expected to comply with the rules of procedure just as parties represented by counsel must do."); *Jones v. Graley,* No. 2:05-cv-773, 2006 WL 1697637, at *1 (S.D. Ohio June 20, 2006) (although federal courts have treated pro se litigants more leniently, they "are still expected to comply with the procedural rules of the court").

for his Eighth Amendment claim for denial of medical care against Defendant Conner, were dismissed. (ECF No. 5 at PageID.29, 33; ECF No. 6.)

As to Defendant Conner, Plaintiff alleges that on May 31, 2022, he was involved in a fight and was stabbed three times. (ECF No. 1 at PageID.3.) Plaintiff received stiches in his neck but "had 2 holes still in [his] head." (*Id.*) He showed the holes and blood to Defendant Conner, who told Plaintiff that he would not call the nurse. (*Id.*) Plaintiff indicates that it took three days for him to receive further medical attention. (*Id.*)

## II. Motion Standard

Generally, where the non-moving party fails to respond to a motion for summary judgment, "the district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden." *Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005) (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998)). In addition, because failure to exhaust is an affirmative defense upon which Defendant bears the burden of proof, *see Jones v. Bock*, 549 U.S. 199, 216 (2007), the Court must ensure that "no reasonable trier of fact could find other than for [Defendants]." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).

## III. Discussion

The Supreme Court has held that a prisoner properly exhausts a claim for purposes of 42 U.S.C. § 1997e(a) by complying with the prison's "deadlines and other critical procedural rules[.]" *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Jones*, the Court reiterated:

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

2

*Jones*, 549 U.S. at 218. A prisoner incarcerated with the MDOC must "pursue a grievance through all three steps of the grievance process [set forth in MDOC Policy Directive 03.02.130]." *Weatherspoon v. Strahan*, No. 18-2210, 2019 WL 5306842, at *1 (6th Cir. June 4, 2019). This process must be completed at all levels prior to filing an action in federal court. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

In support of his motion, Defendant attaches a Step III Grievance Report dated November 20, 2022, showing grievances arising out of IBC that Plaintiff pursued through Step III of the grievance process. (ECF No. 19-3.) Defendant points to one grievance—IBC-22-6-1001-28B (the 1001 Grievance)—that pertained to the events at issue here. Plaintiff submitted his Step I grievance on June 2, 2022. (*Id.* at PageID.98.) The grievance was rejected as vague by the Step I respondent. (*Id.* at PageID.98–99.) Plaintiff's Step II appeal was considered and denied on the merits. (*Id.* at PageID.96–97.) The Step III decision upheld the rejection. (*Id.* at PageID.95.)

Citing *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010), Defendant asserts that Plaintiff needed to name him in his Step I grievance and obtain a decision on the merits at each step of the grievance process by following the procedural rules under the grievance policy. Defendant contends that Plaintiff failed properly to exhaust his claim because his grievance was rejected at Step I as vague as to both the main issue Plaintiff was grieving and who he was grieving, and the Step I rejection was correctly upheld at Step III. (ECF No. 19 at PageID.78.)

In *Reed-Bey*, the Sixth Circuit held that the plaintiff properly exhausted his grievance, even though he failed to name all of the defendants as the MDOC's grievance policy required. The court rejected the defendants' argument that the plaintiff failed to properly exhaust his grievance because the MDOC failed to enforce its own rules. That is, it addressed the grievance on the merits at all three steps, thereby waiving any procedural bar. *Id.* at 326. The Sixth Circuit subsequently

considered *Reed-Bey* in *Cook v. Caruso*, 531 F. App'x 554 (6th Cir. 2013). Unlike the plaintiff in *Reed-Bey*, the plaintiff in *Cook* did not receive merits-based response to his grievance at *any* step in the grievance process. Thus, the court found that the plaintiff failed to properly exhaust his grievance. *Id.* at 563.

The present case falls somewhere between *Reed-Bey* and *Cook*. Plaintiff's Step I grievance was properly rejected at Step I, but the Step II respondent considered the grievance on the merits, as Defendant concedes. The Step III grievance was not rejected; rather, it purported to uphold the rejection. Under the circumstances, I find the analysis in *Nelson v. Wilson*, No. 2:19-cv-9, 2020 WL 5105035 (W.D. Mich. Aug. 31, 2020), in which this Court observed that "the law does not require this Court to conclude that Nelson failed to exhaust his administrative remedies simply because MDOC rejected his grievance for procedural reasons at one step in the process," applicable here. *Id.* at *2. In *Nelson*, the MDOC rejected the Plaintiff's grievance at Step I, but addressed the grievance on the merits at Step II. At Step III, the MDOC denied the grievance because it raised multiple issues. This Court found that *Reed-Bey* did not preclude proper exhaustion under the circumstances. *Id.* In addition, this Court further found that the MDOC relied on an incorrect standard in rejecting the Step III grievance because, contrary to the Step III reviewer's determination, the multiple issues were related and thus not subject to rejection under the grievance policy. *Id.* at *3.

Here, as in *Nelson*, Plaintiff's grievance was rejected at Step I but considered on the merits at Step II. The only material difference between the cases is that Plaintiff's grievance was not rejected for an independent reason at Step III. Rather, the decision stated that "[t]he rejection is upheld." (ECF No. 19-3 at PageID.95.) But the Step III decision was incorrect for alternative reasons. First, if the reviewer was purporting to review the Step II response, the reviewer got it

4

factually wrong because the Step II response addressed the grievance on the merits. If the reviewer's intent was to uphold the Step I response, the Step III reviewer got it wrong under the policy, which explains that the grievant may file a Step III grievance if he is dissatisfied with the Step II response. MDOC Policy Directive 03.02.130 ¶ HH. In other words, the Step III reviewer should have reviewed the Step II respondent's merits determination. Either way, the Step III response incorrectly upheld "the rejection."

As in *Nelson*, Plaintiff made a sufficient effort under the circumstances to comply with the grievance policy. Thus, Defendant fails to carry his summary judgment burden.

## IV.  Conclusion

For the foregoing reasons, I recommend that Defendant's motion for summary judgment (ECF No. 18) be **denied**.

Dated: April 2, 2024                                        /s/ Sally J. Berens
                                                            SALLY J. BERENS
                                                            U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).