UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRISCO SUTTON, #427894,         )<br>                            Plaintiff,         )<br>                                              )<br>-v-                                         )<br>                                              )<br>COLTEN CONNER, *et al.*,            )<br>                            Defendants.   )<br>_____)  | No. 1:22-cv-961<br><br>Honorable Paul L. Maloney |

### ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTION FOR SUMMARY JUDGMENT

Plaintiff Brisco Sutton, a prisoner in the custody of the Michigan Department of Correction, initiated this lawsuit alleging violations of his civil rights. Defendant Conner filed a motion for summary judgment asserting that Plaintiff failed to properly exhaust his administrative remedies (ECF No. 18). The Magistrate Judge reviewed the motion and issued a report recommending the Court deny Defendant's motion (ECF No. 24). Defendant filed objections (ECF No. 25). The Court will adopt the report and recommendation and will deny Defendant's motion.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The Magistrate Judge summarized the relevant history of the grievance process. Plaintiff sent a grievance about the medical care he received on May 31 and on June 1, 2022 (ECF No. 19-3 PageID.98). Plaintiff submitted his grievance on June 2, 2022, which the MDOC rejected as vague (*id.*). The reviewer explained that the grievance "is vague as to what the main issue is or who you are grieving" (*id.* PageID.99). Plaintiff filed a Step II appeal (*id.* PageID.96). The Magistrate Judge found that Step II appeal was denied on the merits and that the Step III decision upheld the rejection (R&R at 3 PageID.111). The Magistrate Judge found that the Step III decision was wrong reasoning that the reviewer should have addressed the merits determination made at Step II (*id.* PageID.113). The Magistrate Judge compares this situation to the one in *Nelson v. Wilson*, No. 2:19-cv-9, 2020 WL 5105035 (W.D. Mich. Aug. 31, 2020).

Defendant objects. In Objection 1, Defendant attempts to distinguish *Nelson*. Defendant argues in Objection 2 that the Step II reviewer addressed both the procedural problem with the grievance and the merits of the grievance. In Objection 3, Defendant argues that the rejection at Step III was not incorrect.

The Court overrules the objections. Critical to this Court's resolution of the issue, the Court must view the facts in the record in the light most favorable to Plaintiff. Viewed in this light, the record supports the Magistrate Judge's conclusion that MDOC rejected the Step II appeal on the merits and not for procedural reasons. The Step II reviewer begins by stating that the Step I rejection was proper. The reviewer then addresses the merits of Plaintiff's appeal by discussing the health care Plaintiff received on May 31 and on June 1. Organized and worded this way, the Step II rejection does not clearly reject the appeal as

vague.  The Court's conclusion finds support in Paragraph EE of the Policy Directive 03.0.2.130 (ECF No. 19-2 PagerID.87).  When the Grievance Coordinator receives a Step II appeal, the coordinator "shall determine if the grievance should be rejected pursuant to this policy.  If the grievance is rejected, the grievance response shall state the reason for the rejection <u>without addressing the merits of the grievance.</u>  If accepted, Grievance Coordinator shall assign an appropriate respondent and indicate the date by which the response is due" (underlining in original).  By addressing the merits, the respondent did not conclude that the grievance should be rejected for one of the procedural reasons set forth in the Policy Directive.

Defendant argues that the Step II rejection necessarily found that that appeal was vague because the grievance category code did not change.  While the Court agrees that the last three symbols of the grievance identifier number (28b) did not change from Step I to Step II (and to Step III), Defendant has not sufficiently established the significance of the grievance category code such that the Court must reject the R&R and must grant the motion for summary judgment.  Defendant has not presented the Court with any evidence to show the significance of "28b."  The Court is unaware of any Policy Directive that sets forth the grievance category codes.  The Policy Directive concerning grievances does not mention the category codes.  Because the Court must view the evidence in the light most favorable to Plaintiff, if the category code reflects a procedural problem and the language rejecting the grievance addresses the merits, the Court must resolve the discrepancy in Plaintiff's favor.

For these reasons, the Court **ADOPTS** the Report and Recommendation (ECF No. 24) and **DENIES** Defendant's motion for summary judgment (ECF No. 18).  **IT IS SO ORDERED.**

Date:    May 9, 2024                                         /s/  Paul L. Maloney
                                                                                Paul L. Maloney
                                                                                United States District Judge